IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JAMES WASHINGTON** : | |
|     **Plaintiff,** : | |
| **v.** : | Case No: 1:06CV01207 (HHK) |
| **LOCAL UNION NO. 639, et al.** : | |
|     **Defendants.** : | |

## DEFENDANT HARGROVE, INC.'S
## ANSWER TO COMPLAINT

COMES NOW Hargrove, Inc. ("Hargrove"), a defendant in the above above-captioned civil action, by its undersigned attorneys, and answers the Complaint as follows:

1.    Defendant Hargrove denies the allegations, contained in paragraph 1 of the Complaint.

2.    Defendant Hargrove denies the allegations, and conclusions, contained in paragraph 2 of the Complaint.

3.    Defendant Hargrove denies the allegations, and conclusions, contained in paragraph 3 of the Complaint.

4.    Defendant Hargrove denies the allegations and conclusions, contained in paragraph 4 of the Complaint.

5.    Defendant Hargrove is without knowledge as to the allegations contained in paragraph 5 of the Complaint relating to "…Plaintiff[s] contact[ing] Defendant Local Union 639 re Defendant [Hargrove]'s failure to abide by the agreement…," so Hargrove denies that allegation contained in paragraph 5 of the Complaint. Hargrove's Director of Production,

Fred Strickland, received a copy of a grievance purportedly signed by Plaintiff on or about May 29, 2005, attached to a letter to Mr. Strickland dated June 20, 2005, from Diana F. Faison, Business Representative of Teamsters Local No. 639, the other Defendant in this proceeding. Defendant Hargrove is without knowledge as to when Plaintiff actually filed the grievance bearing the May 29, 2005, date with Local Union No. 639, so it denies that allegations and conclusions contained in paragraph 5 of the Complaint.

6. Defendant Hargrove denies the allegations, contained in paragraph 6 of the Complaint with respect to conduct attributed to itself and admits that there was no Step 2 grievance meeting as alleged but asserts that the reason no such meeting was held was that Hargrove had responded to Ms. Faison's June 20, 2005, letter to Mr. Strickland, attached to which was the grievance, and in that letter from Mr. Strickland to Ms. Faison, Hargrove denied the grievance, stating that not only was it untimely and improvidently filed but that it failed on the merits.

7. Defendant Hargrove denies the allegations, and conclusions, contained in paragraph 7 of the Complaint.

8. Defendant Hargrove denies the allegations, and conclusions, contained in paragraph 8 of the Complaint.

9. Defendant Hargrove denies the allegations, and conclusions, contained in paragraph 9 of the Complaint.

10. For further answer to the Complaint, Hargrove states:

   (a) The terms and conditions of Plaintiff's employment were governed, while he was working at a tradeshow or exhibit hall site, by a collective bargaining Agreement between the Trade Show Contractors Association of Washington, D.C. and

Vicinity, to which Hargrove was and is a party and member, and Teamsters Local Union No. 639, the term of which ran from April 1, 2003 – March 31, 2006.

(b)     Local Union No. 639 is a "labor organization" and Hargrove, Inc. is an "employer" within the meaning of the Section 2 of the National Labor Relations Act, as amended, 29 USC Section 152, and Section 301 of the Taft-Hartley Act, 29 USC Section 185.

(c)     Based on the facts alleged, in (a) and (b) above, Plaintiff's Complaint involves federal law questions which should be heard in a federal judicial forum and not before the Superior Court of the District of Columbia.

(d)     Plaintiff fails to state any claim upon which relief might be granted.

(e)     Plaintiff's claims are barred by the applicable statute of limitations.

(f)     Plaintiff's claims are preempted by Section 301 of the Taft-Hartley Act, 29 USC Section 185, *supra.*

(g)     Plaintiff failed to exhaust his contractual remedies under the collective bargaining Agreement, if in fact he had any, and under Local Union No. 639's By-Laws and Constitution and the Constitution of the International Brotherhood of Teamsters, to which Local Union No. 639 is affiliated.

WHEREFORE, Defendant Hargrove, Inc. states that it has answered fully the Complaint and prays that it be dismissed in its entirety as lacking in merit and that such dismissal be *with prejudice* to its refiling.  Defendant Hargrove, Inc. further prays that the Court grant it such further relief, including costs and legal fees, as the Court deems fair and equitable.

Respectfully submitted,

_____//s//_____
Andrew J. Terrell (#431362)
WHITEFORD, TAYLOR & PRESTON, L.L.P.
1025 Connecticut Avenue, N.W., Suite 400
Washington, D.C. 20036
Phone:       202-659-6800
Fax:         202-331-0573
E-mail:      aterrell@wtplaw.com

**Of Counsel:**
Norman R. Buchsbaum (Bar No. 01892, D.MD)
Inner Harbor Center, Suite 600
400 East Pratt Street
Baltimore, Maryland 21202-3126
Phone:       410-332-1343
Fax:         410-625-1073
E-mail:      NBuchs6124@aol.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of July, 2006, a copy of the foregoing Answer and Grounds of Defense was served via first class mail postage prepaid to:

Rosalind R. Ray, Esquire
6856 Eastern Avenue, NW Suite 208
Washington, DC 20012

John R. Mooney, Esquire
Mooney, Green, Baker & Saindon, P.C.
1920 L St., N.W.
Suite 400
Washington, DC 20036

_____//s//_____
Andrew J. Terrell

*189327*